UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HISHAEL TAJOLLA YNIGUEZ,<br><br>　　　　　Defendant. | NO. CR-10-6075-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

　　A pretrial conference occurred in the above-captioned matter on December 3, 2010, in Richland, Washington. Defendant Hishael Tajolla Yniguez was present, represented by Nicholas Marchi. Assistant United States Attorney Alexander Ekstrom appeared on the United States Attorneys Office's (USAO) behalf. Before the Court was Defendant's Motion to Dismiss Indictment (ECF No. 39), which argued that the Indictment must be dismissed because the underlying 1999 removal order is invalid given that the immigration judge erroneously determined that Defendant was ineligible for relief from removal. The USAO opposed the motion. This Order supplements and memorializes the Court's oral denial of Defendant's motion.

**A.　Background**

　　In 1987, Defendant, who is a Mexican citizen, obtained lawful permanent residence status in the United States. Then in 1995, Defendant

ORDER ~ 1

was arrested and indicted for Aggravated Assault with a Deadly Weapon in Potter County, Texas.  (EFS No. 42, Attach. A.)  At that time, immigration law would have allowed Defendant to seek "§ 212(c) relief" from deportation so long as he served less than five years on the indicted offense, which was an aggravated felony. *See* 8 U.S.C. § 1182(c) (as enacted prior to Public Law 104-132, 110 Stat. 1214 (1996)).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) was enacted.  Pub. L. No. 104-132, 110 Stat. 1214.  AEDPA restricted relief from deportation for aliens convicted of certain crimes; in pertinent part, AEDPA eliminated § 212(c) relief for aliens convicted of an aggravated felony.

On December 30, 1997, Defendant pled guilty to the state charge of Aggravated Assault with a Deadly Weapon and was sentenced to four years.[1] (EFS No. 42, Attach. B.)  On April 14, 1998, Defendant was placed into removal proceedings, and on September 28, 1998, the immigration judge found Defendant ineligible for § 212(c) relief because of his aggravated-felony conviction and therefore removable.  The immigration judge's removal decision was upheld, and on June 14, 1999, Defendant was ordered removed. (ECF No. 42, Attach. C.)

Defendant was found in the United States on September 1, 2010, and on September 14, 2010, was indicted for being an Alien in the United States in violation of 8 U.S.C. § 1326.  (ECF No. 13.)

---

[1] Defendant remembered pleading guilty in 1995; however, the Court finds the state-court judgment, which reflects that Defendant pled guilty on December 30, 1997, reliable.  (ECF No. 42, Attach. B.)

ORDER ~ 2

**B.   Authority and Analysis**

In a § 1326 illegal reentry offense, the existence of a prior deportation or removal order is a predicate element.  8 U.S.C. § 1326. Therefore, a defendant charged with this offense may collaterally attack the underlying removal order. *United States v. Camacho-Lopez*, 450 F.3d 928, 929 (9th Cir. 2006).  To collaterally attack the prior removal order, the defendant must establish 1) that he exhausted any administrative remedies that were available to seek relief against the order; 2) improper deprivation of the opportunity for judicial review; and 3) that the entry of the removal order was fundamentally unfair.  8 U.S.C. § 1326(d).  A removal order is "fundamentally unfair" if 1) the alien's due process rights were violated during the underlying removal proceeding and 2) he suffered prejudice as a result.  *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998); *see also United States v. Ubaldo-Figueroa*, 364 F.3d 1042 (9th Cir. 2004).

The Court finds that Defendant failed to establish that his due process rights were violated.  In *INS v. St. Cyr*, the Supreme Court focused on whether the alien "would have been eligible for § 212(c) relief *at the time of [his] plea under the law then in effect*." 533 U.S. 289, 326 (2001) (emphasis added) (ruling that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) did not retroactively apply and therefore held that St. Cyr was eligible to seek § 212(c) relief).  Here, Defendant believed he pled guilty before AEDPA. The state court documents, however, establish that Defendant pled guilty *after* AEDPA: AEDPA was enacted on April 24, 1996, and Defendant pled guilty to the aggravated felony sixteen months later on December 30,

ORDER ~ 3

1997.  Defendant therefore was not eligible to obtain § 212(c) relief at the time of his guilty plea to the aggravated felony.  Accordingly, Defendant cannot benefit from *St. Cyr*'s retroactivity analysis.

Because Defendant fails to establish a due process violation, the Court need not engage in a prejudice analysis. Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss Indictment **(ECF No. 39)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this  7th  day of December 2010.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         United States District Judge

Q:\Criminal\2010\6075.PTC.dimiss.wpd

ORDER ~ 4